NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAPST LICENSING GMBH & CO. KG,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

---

2018-1987, 2018-1988

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-01839, IPR2016-01864.

-------------------------------------------------------------------------------

**PAPST LICENSING GMBH & CO. KG,**
*Appellant*

**v.**

**SAMSUNG ELECTRONICS CO LTD, SAMSUNG ELECTRONICS AMERICA, INC.,**
*Appellees*

---

2018-1989

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2017-00714, IPR2017-01808.

———————————

Decided: May 23, 2019

———————————

CHRISTOPHER V. GOODPASTOR, DiNovo Price LLP, Austin, TX, argued for appellant. Also represented by NICOLE E. GLAUSER, GREGORY S. DONAHUE.

DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray LLP, Washington, DC, argued for all appellees. Appellee Apple Inc. also represented by SCOTT ANTHONY MCKEOWN, KATHRYN C. THORNTON; SAMUEL LAWRENCE BRENNER, Boston, MA; JAMES RICHARD BATCHELDER, MARTA F. BELCHER, East Palo Alto, CA; TYLER DUTTON, MICHAEL E. JOFFRE, WILLIAM H. MILLIKEN, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC.

PATRICK J. KELLEHER, Drinker Biddle & Reath LLP, Chicago, IL, for appellees Samsung Electronics Co Ltd, Samsung Electronics America, Inc. Also represented by CARRIE ANNE BEYER; NIKOLA COLIC, Washington, DC

———————————

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

DYK, *Circuit Judge.*

Papst Licensing GmbH & Co. KG ("Papst") appeals from three decisions of the Patent Trial and Appeal Board ("Board") invalidating certain claims of U.S. Patent No. 6,470,399 ("the '399 patent"). In IPR2017-00714, the Board held that claims 1–3, 5, 6, 11, 14, and 15 of the '399 patent were unpatentable for obviousness over U.S. Patent

5,758,081 ("Aytac") in combination with other prior art.[1] In IPR2016-01839 and IPR2016-01864, the Board held that subsets of those claims were also unpatentable over different prior art references. Because the '399 patent is expired, the Board construed the claims under the standard set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc).

The '399 patent is generally directed towards methods and systems for communication between a host computer and an input/output data device. Claim 1 is illustrative:

> 1. An interface device for communication between a host device, which comprises drivers for input/output devices customary in a host device and a multi-purpose interface, and a data transmit/receive device, the data transmit/receive device being arranged for providing analog data, comprising:
>
> > a processor;
> >
> > a memory;
> >
> > a first connecting device for interfacing the host device with the interface device via the multi-purpose interface of the host device; and
> >
> > a second connecting device for interfacing the interface device with the data transmit/receive device, the second connecting device including a sampling circuit for sampling the analog data provided by the data transmit/receive device and an analog-to-digital converter for converting data

---

[1]  IPR2017-01808 is substantively identical to IPR2017-00714 and was joined with IPR2017-00714 before the Board's final decision. We therefore treat them as a single IPR identified as IPR2017-00714.

sampled by the sampling circuit into digital data,

wherein the interface device is configured by the processor and the memory to include a first command interpreter and a second command interpreter,

wherein the first command interpreter is configured in such a way that the command interpreter, when receiving an inquiry from the host device as to a type of a device attached to the multi-purpose interface of the host device, sends a signal, regardless of the type of the data transmit/receive device attached to the second connecting device of the interface device, to the host device which signals to the host device that it is an input/output device customary in a host device [the "inquiry and response" limitation], whereupon the host device communicates with the interface device by means of the driver for the input/output device customary in a host device [the "customary driver" limitation], and

wherein the second command interpreter is configured to interpret a data request command from the host device to the type of input/output device signaled by the first command interpreter as a data transfer command for initiating a transfer of the digital data to the host device.

'399 patent, col. 12 l. 42–col. 13 l. 13 (emphasis added). We previously construed several terms of the '399 patent in *In re Papst Licensing Digital Camera Patent Litigation*, 778 F.3d 1255 (Fed. Cir. 2015), an appeal from district court litigation.

Papst raises two main arguments for setting aside the Board's decision in IPR2017-00714. First, Papst argues that the Board lacked substantial evidence for its conclusion that the prior art teaches the "inquiry and response" limitation. We conclude that Papst waived the argument that the prior art did not teach the "inquiry and response" limitation because it did not raise the argument below at any time. *See Novartis AG v. Torrent Pharm. Ltd.*, 853 F.3d 1316, 1329 (Fed. Cir. 2017).

Second, Papst argues that the Board lacked substantial evidence for its conclusion that Aytac teaches the "customary driver" limitation, which requires communication between the host device and interface device by means of a driver associated with a customary device. We disagree. Papst does not dispute that Aytac teaches using ASPI drivers in the communication between the host PC and the interface device, nor does it dispute that ASPI drivers qualify as "customary" drivers. Papst also does not contest the Board's construction of this limitation, which clarified that the limitation does not "require[] *all* communication between the host device and interface device to occur *solely* by means of the recited driver" or "prohibit[] the use of any software other than the recited driver." J.A. 160. Yet Papst nonetheless argues that Aytac does not satisfy the claim limitation because it requires the use of specialized software in addition to the customary, ASPI driver. This position is contrary to the claim construction. Substantial evidence supports the Board's finding that Aytac discloses the "customary driver" limitation under the Board's claim construction.

We have considered Papst's remaining arguments but conclude they lack merit.

Accordingly, the Board did not err in its obviousness determination, and we *affirm* the Board's decision in IPR2017-00714 that claims 1–3, 5, 6, 11, 14, and 15 of the

'399 patent were unpatentable. Because those claims include all claims held unpatentable by the Board in IPR2016-01839 and IPR2016-01864, we *dismiss* as moot Papst's appeals from the decisions in IPR2016-08139 and IPR2016-01864 and *vacate* the decisions of the Board.

**AFFIRMED-IN-PART, DISMISSED-IN-PART AS MOOT, VACATED-IN-PART**

COSTS

No costs.